IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANDY ELLIS, JR.                  PLAINTIFF

AT&T SERVICES, INC.              INTERVENING PLAINTIFF

vs.                  CIVIL ACTION NO. 1:23-CV-60-MPM-DAS

SPECIALTY ORTHOPEDIC GROUP
OF MISSISSIPPI, PLLC, ET AL            DEFENDANTS

## ORDER DENYING MOTION TO QUASH

The plaintiff Andy Ellis, Jr. has filed a motion to quash or modify a subpoena duces tecum the defendants Medtronic, Inc. and Jonathan Bennett (collectively "Medtronic") served on the plaintiff's wife, Jana Ellis. Doc. 282. The plaintiff's motion challenges the requested production of the following categories of documents on the basis that they are protected from disclosure by spousal privilege and attorney work product privilege:

> All correspondence and documents reflecting communications sent by you to anyone regarding this litigation.
>
> All correspondence and documents reflecting communications between you and Mr. Ellis regarding Medtronic, Inc., or any other Medtronic entity.
>
> All correspondence and documents reflecting communications between you and anyone else related to Mr. Ellis's spinal cord stimulator trial.

As to the plaintiff's assertion of spousal privilege, Medtronic argues spousal privilege does not apply to any communications between the plaintiff and Ms. Ellis which may have occurred before their marriage on March 10, 2023. Medtronic speculates that "most if not all communications responsive to the requests at issue [] took place before their marriage" and are thus not privileged. Regarding the assertion of attorney work product protection, Medtronic notes

the lack of any explanation or identification of documents falling within this privilege and maintains the plaintiff's blanket assertion of the privilege should be denied.

 Initially, the court must address the plaintiff's standing to oppose a subpoena issued to a third party. "Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45." *Mitchell v. Cenlar Cap. Corp.*, No. 3:16-CV-814-WHB-JCG, 2018 WL 10408902, at *1 (S.D. Miss. Feb. 28, 2018) (internal citation omitted). Ordinarily, a party does not have standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege regarding the documents. *Coleman v. Swift Transportation Co. of Arizona, LLC*, No. 3:13CV3-M-A, 2013 WL 12178160, at *2 (N.D. Miss. Aug. 23, 2013) (citing 9A Charles Wright & Arthur Miller, *Federal Practice & Procedure*, § 2459).

 Generally, a party has standing to challenge a subpoena issued to a non-party if the subpoena seeks confidential or protected information sensitive to the movant. *See Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979) (finding that a party did not have standing to challenge a subpoena without asserting some personal right or privilege); *see also Ezell v. Parker*, No. 2:14-CV-150-KS-MTP, 2015 WL 859033, at *1 (S.D. Miss. Feb. 27, 2015) ("a party has standing to challenge a subpoena issued to a non-party if the subpoena seeks proprietary, confidential, or protected information sensitive to the party").

 Here, the court cannot ascertain whether the plaintiff has the requisite standing to challenge the subpoena duces tecum much less whether the stated assertions of privilege are in fact valid because of the lack of explanation offered in his motion. To the extent communications responsive to the requests at issue occurred prior to the plaintiff's marriage to Ms. Ellis on March 10, 2023, the court would agree that without further argument as to the confidential and sensitive

nature of those communications, they are not protected under the spousal privilege. Accordingly, the plaintiff's blanket and conclusory assertions of the spousal and attorney work product protections at this juncture are an insufficient basis for this court to quash and/or modify Medtronic's subpoena dues tecum to a third party. The plaintiff's Motion to Quash or Modify Subpoena Duces Tecum is denied.

      SO ORDERED, this the 17th day of July, 2025.

                                        /s/ David A. Sanders
                                        UNITED STATES MAGISTRATE JUDGE