IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANDY ELLIS, JR.     PLAINTIFF

V.     CIVIL CAUSE NO. 1:23-cv-60-MPM-DAS

DAVID ANDREW VECCHIONE, M.D., *et al.*     DEFENDANTS

ORDER GRANTING MOTIONS TO STRIKE

Before the court are motions to strike Plaintiff's rebuttal/supplemental expert designations filed by Defendant David Andrew Vecchione [Dkt. 334] and Defendants Medtronic, Inc., and Jonathan Bennett [Dkt. 336]. Both motions have been fully briefed and are ripe for review. For reasons discussed below, the motions to strike will be GRANTED.

*Background and Procedural History*

This case arises from a complaint filed April 18, 2023, regarding allegedly "negligent diagnosis, management, and treatment of Plaintiff's spinal epidural abscess after implantation of a Medtronic spinal stimulator device in April 2022." Plaintiff designated experts on May 6, 2025. Defendants designated experts on August 11, 2025. Plaintiff served the rebuttal/supplemental designation at issue on September 10, 2025. Defendants argue Plaintiff's original designation advanced a theory that his injuries were caused by mechanical compression of the spinal cord. Once they designated experts to challenge that assertion, Plaintiff advanced a totally new theory of causation—arachnoiditis—in his rebuttal/supplemental designation.

*Analysis*

"If a party fails to provide information or identify a witness as required by [Federal Rule of Civil Procedure] 26(a) or (e), the party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Consistent with these rules, "it is appropriate to strike or exclude from consideration supplemental expert reports which are filed after the expert disclosure deadline and which amount to new opinions." *Cooper v. Meritor, Inc.*, 2020 WL 5765004, at *3 (N.D. Miss. Sept. 28, 2020). If the movant satisfies its initial burden of establishing its adversary failed to timely disclose expert opinions as required by Federal Rule of Civil Procedure 26, the non-disclosing party must show that its failure to disclose was either substantially justified or harmless. *Id*.

I. Whether the second supplemental report contains new opinions

Generally, "[c]ourts distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship and have repeatedly rejected attempts by parties to bolster their position at summary judgment by 'supplementing' an expert report with a 'new and improved' expert report." *Id*. at *4 (internal citation omitted). Defendants assert the supplemental designation "introduces a new, previously undisclosed causation theory." Plaintiff counters that, while arachnoiditis was not previously mentioned, it is merely an extension of the compression theory of causation. Upon a close review of the designations and other matters submitted, the court finds the rebuttal/supplemental designations regarding arachnoiditis to be new opinions and thus not proper supplementation nor rebuttal. Plaintiff is "attempting to interject a new [causation theory] through a procedural back door by labeling [the expert] report a rebuttal report as opposed to a . . . new opinion." *Cooper Tire & Rubber Co. v. Farese*, 2008 WL 5104745, at * 2 (N.D. Miss. Nov. 26, 2008). "Courts have made it clear that supplemental expert reports cannot be used to 'fix' problems in initial reports." *Id.* At * 4. Since Plaintiff's rebuttal/supplemental

designation contains new opinions (arachnoiditis), it was due on Plaintiff's expert designation deadline. *Id.*

II.     *Whether the new opinions are substantially justified or harmless*

Where a supplemental report contains new opinions, the court must then consider whether the failure to disclose these opinions by the imposed deadlines was substantially justified or is harmless by evaluating the following four factors: (1) the explanation for the failure; (2) the importance of the testimony; (3) potential prejudice to the opposing party; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990). Plaintiff argues the original designation did not mention arachnoiditis because his counsel did not receive the CT report that mentioned arachnoiditis until two weeks after designating experts. Assuming, *in arguendo,* that is true, Dr. Parsioon—who authored his original and rebuttal/supplemental reports—is the doctor who ordered the CT report in question and personally discussed its findings with Dr. Kedzierski the day it was performed.

As to importance, striking Dr. Parsioon's and Dr. Kedzierski's untimely arachnoiditis-related reports does not prevent Plaintiff from presenting Dr. Parsioon's and Dr. Smith's original opinions. Nor does striking Drs. Archer and Bingham as experts preclude them from testifying as treating fact witnesses. The deadlines in this matter have been extended several times, including one trial continuance. Additional continuances would simply further delay resolution of this matter. Finally, allowing the untimely, new opinions would overly prejudice Defendants. It would, as they put it, "fundamentally alter the landscape of this case" and necessitate the wholesale reopening of discovery to allow Defendants to contest Plaintiff's new arachnoiditis theory.

The court concludes the untimely disclosures were not substantially justified or harmless. Therefore, exclusion is required. Defendants' motions to strike are GRANTED consistent with this order.

SO ORDERED, this the 30th day of October, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE