**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ANDY ELLIS, JR.**                                                                                      **PLAINTIFF**

**v.**                                                                         **No. 1:23-cv-00060-MPM-DAS**

**DAVID ANDREW VECCHIONE, M.D.;
MEDTRONIC, INC.; JOHNATHAN BENNETT;
and JOHN DOES 1-10**                                                                **DEFENDANTS**

## <u>MEMORANDUM OPINION</u>

Before the Court are Defendants David Andrew Vecchione, M.D., Medtronic, Inc., and Johnathan Bennett's (collectively, "Defendants") Motion for Reconsideration [396] of the Court's December 9, 2025 Order reversing the Magistrate Judge's order striking Plaintiff Andy Ellis, Jr.'s expert disclosures and reopening limited discovery [393], and Motion to Stay the case [398]. In the alternative, Defendants seek certification for interlocutory appeal under 28 U.S.C. § 1292(b). Mr. Ellis responded in opposition [400], [402], and Defendants replied [403], [404]. Having considered the motions, the record, and the applicable law, the Court finds that the motions should be denied for the reasons set forth below.

### I.    BACKGROUND

On December 9, 2025, the Court reversed the Magistrate Judge's order excluding multiple Plaintiff expert opinions. The Magistrate Judge concluded that the arachnoiditis-related opinions of Dr. Parsioon (treating physician) and Dr. Kedzierski (treating radiologist) were "new" and untimely and, on that basis, struck not only those opinions but several unrelated rebuttal and supplemental opinions as well. The Court found that the wholesale exclusion was clearly erroneous. The arachnoiditis opinions were grounded in medical imaging and treatment records already present in the record, and the blanket exclusion improperly barred relevant medical testimony, depriving the factfinder of a complete evidentiary record. To cure any potential

prejudice, the Court reopened discovery on a limited basis and permitted amended expert disclosures. Defendants now seek reconsideration limited to the arachnoiditis opinions of Dr. Parisoon and Dr. Kedzierski or, alternatively, certification for interlocutory appeal under 28 U.S.C. § 1292(b).

## II. DISCUSSION

### A. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all of the claims." The rule recognizes that a district court has "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A 1981)). This is a "less exacting" standard than Rule 59(e), which applies to final judgments. *HBM Ints., LLC v. Chesapeake Louisiana, LP*, No. CIV.A. 12-1048, 2013 WL 3893989, at *1 (W.D. La. July 26, 2013) (citations omitted). Under Rule 54(b), a court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

At the same time, a court's discretion under Rule 54(b) is not without limit. Reconsideration remains an extraordinary remedy that "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013); *see e.g.*, Chales A. Wright el al., *§ 4478.1 Law of the Case—Trial Courts*, 18B Fed. Prac. & Proc. Juris. § 4478.1 (3d

ed.). Whether to grant relief under Rule 54(b) lies within the discretion of the court. *Holoway v. Triola*, 172 F.3d 866 (5th Cir. 1999); *See* Fed. R. Civ. P. 54(b).

Although courts evaluating Rule 54(b) motions often look to considerations similar to those applied under Rule 59(e) for guidance, such as whether there has been an intervening change in law, availability of previously unavailable new evidence, or a need to correct a clear legal error or to prevent manifest injustice, those factors are not rigid prerequisites. *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002) (discussing requirements of Rule 59(e)); *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (using Rule 59 to inform analysis under Rule 54); *T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. CIV.A. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008) (same). Rather, the critical and "less exacting" inquiry under Rule 54(b) is whether justice requires relief from the interlocutory order at issue. *See Austin*, 864 F.3d at 337; *HBM Ints.*, 2013 WL 3893989, at *1. Thus, applying these principles, the Court finds no sufficient reason to reconsider or revise its December 9 Order.

Defendants first argue that the Court applied de novo review rather than the deferential "clearly erroneous or contrary to law" standard required by Rule 72(a). [396] at 1; [397] at 12-13. The Court disagrees. In reviewing the Magistrate Judge's nondispositive discovery ruling, the Court applied the deferential standard required by Rule 72(a) and concluded that the Magistrate Judge's categorical exclusion of the September 10, 2025 rebuttal/supplemental Rule 26 designations was clearly erroneous under the circumstances presented. The error lay not in enforcing disclosure deadlines, which the Court acknowledged is, and remains, ordinarily appropriate, but in striking the challenged opinions without adequate consideration of whether the "belated" disclosures were substantially justified or harmless under Rule 37(c)(1) and controlling Fifth Circuit precedent.

Other district courts in the Fifth Circuit have recognized that rulings concerning missed deadlines require balancing of "two important principles of the civil justice system: the priority that disputes be resolved speedily, which requires adherence to deadlines, against the desire that the merits of a case decide its outcome." *Johnson v. Williams Party Boats, Inc.*, No. 3:14-CV-123, 2015 WL 1143178, at *4 (S.D. Tex. Mar. 12, 2015) (quoting *Luu v. Int'l Inv. Trade & Serv. Grp.*, 2012 WL 2450773, at *1 (S.D. Tex. June 26, 2012)). While "the importance of proposed expert testimony cannot 'singularly override the enforcement of local rules and scheduling orders,'" a continuance and other tailored remedies may mitigate any resulting prejudice to Defendants, "and the interest of justice prefer that cases be decided on their merits." *See Smith v. Johnson & Johnson*, No. 3:08CV245-HTW-LRA, 2010 WL 997057, at *3 (S.D. Miss. Mar. 16, 2010) (quoting *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990). Where, as here, a ruling rests on an overly rigid application of exclusion that bars consideration of relevant evidence despite the absence of unfair surprise or undue prejudice, correction under Rule 72(a) is warranted.

Defendants also renew their contention that Mr. Ellis advanced a new causation theory subject to mandatory exclusion under Rule 37(c)(1). [397] at 3-4. The Court previously rejected that argument and sees no basis to alter its prior ruling. However, in light of Defendants' renewed challenge, the Court clarifies its reasoning and explains why exclusion remains unwarranted even under Defendants' framing of the issue. The arachnoiditis opinions rest on medical imaging and treatment records that predated the disputed disclosures. The fact that those materials were not emphasized earlier does not, standing alone, mandate the extreme sanction of exclusion. *See Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (listing factors for harmless violations of Rule 26).

"Expert witness disclosures are governed by Federal Rule of Civil Procedure 26." *Goode v. City of Southaven*, No. 3:17CV60-DMB-RP, 2018 WL 3328019, at *1 (N.D. Miss. July 5, 2018). "The purpose of Rule 26(a) is to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id.* (quoting *Guthrie v. Quitman Cnty. Hosp.*, LLC, No. 3:13-CV-244-M-A, 2014 WL 8276240, at *2 (N.D. Miss. Oct. 27, 2014)). Even assuming arguendo that the belated September 10 arachnoiditis opinions were untimely under Rule 26(a)(2), exclusion would remain unwarranted because the record establishes that any failure to disclose earlier was harmless under Rule 37(c)(1). The February 2024 CT scan report documenting "mild thickening of few lumbar roots, can be seen with chronic arachnoiditis" was produced well before Defendants' expert designations and was identified by Defendants' experts as material reviewed in forming their opinions. [385] Ex. 3. The omission at issue did not involve the concealment of new information, but rather the delayed recognition and discussion of a medical finding already present in the record.

The arachnoiditis issue emerged nearly two months before the close of discovery, before medical expert depositions occurred, and more than six months before trial. [403] at 5. Defendants were aware that Drs. Parisoon and Krezenski treated Mr. Ellis, Dr. Parisoon was disclosed in Mr. Ellis' original expert list, and Defendants possessed the relevant February 2024 CT scan report well before serving their own expert reports. Defendants further acknowledged that their experts reviewed the CT findings and considered them insignificant and irrelevant. *See* [397] at 2; [403] at 1. Thus, because the medical expert depositions had not yet occurred when the September 10 designations were served, Defendants retained a full opportunity to arrange depositions and cross examine Mr. Ellis' experts on the arachnoiditis opinions, consistent with the purpose of Rule 26(a)(2), which is to ensure notice and a fair opportunity to respond. Any potential prejudice

arising from the timing of the disclosures was fully cured through the Court's decision to reopen discovery on a limited basis. Under these circumstances, Defendants were not unfairly surprised, and the omission did not impair their ability to prepare their case. The record therefore supports a finding that the "belated" disclosures were harmless within the meaning of Rule 37(c)(1), rendering exclusion unwarranted.

Application of the Fifth Circuit's four-factor test employed in *Geiserman* further confirms that exclusion is unwarranted. *See* 893 F.2d at 791. First, the challenged testimony bears directly on causation or, at minimum, on the development of the delayed recognition, and treatment of Mr. Ellis' spinal epidural abscess and the alleged resulting compression of the spinal cord, and is therefore important to the resolution of the case. [403] at 5. Mr. Ellis maintains that the arachnoiditis opinions are not mutually exclusive and do not replace or abandon his original causation theory based on mechanical compression of the spinal cord but instead address a related medical condition arising from the same injury sequence and course of treatment. *Id.* The testimony thus provides additional medical context rather than a distinct or competing theory of liability. *Id.*

Second, the explanation for the timing of the disclosures does not support exclusion given the timing of the procedural posture of this case. The relevant medical imaging and records, including the February 2024 CT scan report, were disclosed and available to both sides well before the expert depositions and trial. Although the Defendants emphasize that Dr. Parisoon ordered the CT scan and discussed its findings with Dr. Kedzierski on the day it was performed, that fact does not alter the analysis. The dispositive inquiry under Rule 37(c) is not whether the physician appreciated the potential significance of the imaging at the time it was ordered, but whether Defendants were

unfairly surprised or prejudiced by the later articulation of its relevance. The record here reflects that they were not.

Third, the risk of undue prejudice to Defendants was limited. The arachnoiditis opinions arose from the same medical records, treatment history, and alleged injury mechanism already at issue. Any burden associated with responding to additional expert analysis does not, by itself, warrant the severe sanction of exclusion erroneously imposed by the Magistrate Judge. Fourth, any potential prejudice was readily curable through targeted supplemental discovery. At the time of the disclosures, expert discovery had not closed, no medical expert depositions had occurred, and trial remained months away. The Court's decision to continue the trial and reopen discovery on a limited basis adequately addressed any remaining concerns.

Weighing these factors together, the balance favors inclusion rather than exclusion. Under these circumstances, exclusion would elevate form over substance and undermine the Federal Rules' preference for resolving cases on a complete and accurate evidentiary record when any potential prejudice can be cured without disrupting the orderly progression of the case. *See James River Ins. Co. v. Janmark Res., Inc.*, No. H-20-4365, 2022 WL 912776, at *2 (S.D. Tex. Mar. 29, 2022) (noting that the Fifth Circuit has recognized that a continuance is the preferred means of addressing untimely designations where it can cure prejudice); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) (same); *Campbell v. Keystone Aerial Survs., Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998). "Where a continuance can cure any prejudice caused by an untimely designation, justice is served best by deciding the case on the merits" rather than by excluding otherwise relevant testimony. *See James River*, 2022 WL 912776, at *2 (citing *Johnson*, 2015 WL 1143178, at *4 (internal citations omitted)). The Court therefore stands by its conclusion that exclusion of the arachnoiditis opinions was clearly erroneous.

The Court also emphasizes that its December 9 order does not attempt to recognize or create a categorical exemption from Rule 37(c)(1) for medical evidence or "medical facts". Rather, the ruling rests on the specific procedural posture and timing of this case, in which the underlying medical information was disclosed, exchanged, and reviewed by both sides' experts, and the subsequent articulation of its causal significance or relatedness to the mechanical compression theory did not result in unfair surprise or incurable prejudice. This Court's analysis remains grounded in Rule 37(c)(1)'s substantial-justification and harmless framework, not, as argued by the Defendants, in the creation of any exception to the Federal Rules of Civil Procedure.

In so stating, the Court reiterates that the October 25th supplemental materials are necessary to permit adjudication of this case on the merits based on a complete evidentiary record. To the extent Defendants challenge the October 23, 2025 office note authored by Dr. Parisoon as litigation-driven, the Court does not determine at this stage its ultimate admissibility under Rules 26 and 37. Rather, the limited reopening of discovery permits the parties to examine the timing, basis, and significance of that note through deposition and responsive expert analysis. Accordingly, Defendants have not shown clear error, manifest injustice, or other basis for reconsideration. The Court remains persuaded that reopening limited discovery and allowing amended expert reports provides a fair and proportionate means of addressing the issue. Exercising its discretion under Rule 54(b), the Court declines to reconsider or revise its prior Order.

## B. Certification for Interlocutory Appeal

Certification of an interlocutory appeal requires: (1) a controlling question of law, (2) substantial ground for difference of opinion, and (3) a likelihood that immediate appeal may materially advance the termination of the litigation. 28 U.S.C. § 1292(b). Defendants argue that

the Court's December 9 Order raises controlling questions of law regarding the scope of Rule 72(a) review and the application Rule 37(c)(a). The Court disagrees.

First, the Court's December 9 ruling turned on the specific facts and procedural posture of this case, rather than a novel or unsettled question of law. Second, disagreement with the Court's application of settled law to those facts does not constitute a substantial ground for difference of opinion within the meaning of § 1292(b). Finally, interlocutory review would not materially advance the resolution of this case. To the contrary, it would delay proceedings and increase costs for all parties. Therefore, the Court finds that certification is unwarranted.

## III.    CONCLUSION

For the foregoing reasons,

Defendants' Motion for Reconsideration [396] is DENIED. The Court declines to certify its December 9, 2025 Order for interlocutory appeal under 28 U.S.C. 1292(b). Defendants' Motion to Stay [398] is DENIED as moot.

SO ORDERED, this the 16th day of January, 2026.

　　　　　　　　　　　　　　　　　　　　　/s/Michael P. Mills
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
　　　　　　　　　　　　　　　　　　　　　NORTHERN DISTRICT OF MISSISSIPPI