IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANDY ELLIS, JR. PLAINTIFF

AT&T SERVICES, INC. INTERVENING PLAINTIFF

vs. CIVIL ACTION NO. 1:23-CV-60-MPM-DAS

SPECIALTY ORTHOPEDIC GROUP
OF MISSISSIPPI, PLLC, ET AL DEFENDANTS

ORDER GRANTING MOTION TO LIMIT
DEPOSITION PREPARATION CHARGES

David Vecchione, M.D. has filed a motion to limit Dr. Fereidoon Parsioon's deposition preparation charges for his second deposition on April 28, 2026. Doc. 209. Dr. Vecchione challenges the reasonableness of the $24,200.00 incurred preparing for a roughly four-hour deposition.[1] He maintains the fee is unreasonable because Dr. Parsioon is a treating physician, he has authored three expert reports in this case, and he has been previously deposed.[2]

Federal Rule of Civil Procedure 26(b)(4)(E) states "[u]nless manifest injustice would result, the court must require that the party seeking discovery: […] pay the other party a fair portion of the fees and expenses it *reasonably* incurred in obtaining the expert's facts and opinions." (Emphasis added). Fees awarded under Rule 26(b)(4)(E) include time spent preparing for a deposition, traveling to a deposition, and in a deposition. *Auto. Rentals, Inc. v. Keith Huber,*

---

[1] Dr. Parsioon's fee totaled $34,200.00, which included a $10,000.00 deposition day fee and $24,200.00 in deposition preparation charges. Dr. Vecchione has paid the $10,000.00 deposition day fee and disputes only the remaining charge.

[2] Dr. Parsioon was first deposed on October 31, 2025. The plaintiff submitted a $25,500.00 invoice to defendants Dr. Vecchione and Medtronic Inc./Jonathan Bennett which encompassed Dr. Parsioon's $10,000.00 deposition day fee and $15,500.00 in deposition preparation charges. Notably, Dr. Parisoon's actual charges for the first deposition totaled $85,000.00, including $75,000.00 in preparation charges. The $85,000.00 invoice was never submitted to the defendants but was produced in response to a subpoena duces tecum to Dr. Parisoon.

*Inc.*, 2012 WL 12854841, at *1 (S.D. Miss. Jan. 10, 2012). The district court has discretion to limit those costs if they appear unreasonable. *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007).

Dr. Parsioon's $24,200 fee encompasses 24.2 hours of preparation over 25 days at the rate of $1,000.00 per hour. Dr. Vecchione challenges the reasonableness of the following charges:

> $11,000.00 for reviewing records;
> $3,000.00 for reviewing Dr. Kedziekeri's deposition;
> $1,000.00 for meeting with Dr. Kedziekeri to review radiological studies;
> $1,000.00 for unidentified "research;" and
> $3,000.00 for Dr. Parsioon's review of his own prior deposition testimony.

He cites (1) the limited scope of the deposition, (2) the minimal amount of record evidence referencing arachnoiditis, (3) the lack of significant discussion about arachnoiditis in Dr. Parsioon's first deposition, and (4) the short duration of the second deposition in arguing against the reasonableness of the fee. In response, the plaintiff maintains "the complexity of the causation issues, the volume of new material generated after the first deposition, the scope of the second deposition […], and the [even higher] rates Dr. Vecchione's own expert charges" justify Dr. Parsioon's fee. To this, Dr. Vecchione points out that prior to incurring the charges related to the second deposition, Dr. Parsioon invoiced the plaintiff $38,750.00 (reflecting 38.75 hours of work) for much of the same preparation at issue here for time spent preparing his January 30, 2026, expert report.

The court agrees Dr. Parsioon's deposition preparation charges are unreasonable. Prior to incurring the charges for his second deposition, Dr. Parisoon billed nearly $125,000.00, for close to 100 hours of work, for deposition-related and expert fees in this case. This calls into serious question the 24.2 hours Dr. Parsioon spent preparing for the second deposition that lasted only

four hours and six minutes and was limited to "the arachnoiditis issues and their causal significance." The ratio of time spent preparing for this deposition to time spent in the deposition is nearly six to one.

Courts have employed various calculations in determining the reasonableness of deposition fees, usually without lengthy analysis. *See, e.g.*, *Auto. Rentals, Inc. v. Keith Huber, Inc.*, 2012 WL 12854841, at *1 (S.D. Miss. Jan. 10, 2012) (a ratio of 1.5 hours of preparation time per hour of deposition was reasonable); *Ushijima v. Samsung Elecs. Co.*, 2015 WL 11251558, at *6 (W.D. Tex. July 30, 2015) (reimbursement of one hour of preparation time for every hour spent in the deposition is reasonable under Rule 26(b)(4); *Molina v. U.S.*, 2008 WL 3539253, at *1 (W.D. Tex. Aug. 11, 2008) ("It is unreasonable that a surgeon with such experience requires 21 hours to prepare for a deposition for a case in which he had already prepared an expert report."); *Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 43 (D. Conn. 2007) (expert's compensation for preparation time was limited to the amount of time spent in deposition). Recognizing the record in this case is vast and the issues are complex, the court will reduce Dr. Parsioon's deposition preparation charges by two-thirds, the same reduction the plaintiff made to Dr. Parsioon's fee for his first deposition. Dr. Vecchione shall pay Dr. Parsioon a total of $8,066.00.

SO ORDERED, this the 9th day of November, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE