IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANDY ELLIS, JR. PLAINTIFF

AT&T SERVICES, INC. INTERVENING PLAINTIFF

vs. CIVIL ACTION NO. 1:23-CV-60-MPM-DAS

SPECIALTY ORTHOPEDIC GROUP
OF MISSISSIPPI, PLLC, ET AL DEFENDANTS

ORDER EXCLUDING "DAY IN THE LIFE" VIDEO

The plaintiff seeks to utilize a "day in the life" video at trial that has not yet been produced. Dr. Vecchione objects on the basis that the discovery deadline has expired, and he has not yet reviewed the video or had the opportunity to prepare a response. The discovery period ended on November 3, 2025, [Doc. 328], but was reopened in January 2026 until April 28, 2026, [Doc. 428], for the limited purpose of addressing the arachnoiditis issues and their causal significance. The deadline for producing a "day in the life video" was November 3, 2025. The trial in this case is scheduled for November 30, 2026. Doc. 505. The plaintiff's intention to utilize a "day in the life" video and Dr. Vecchione's objection to such evidence was raised for the first time at at the final pretrial conference on November 4, 2026. Doc. 507.

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). In evaluating whether a violation of Rule 26 is harmless, the court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the

explanation for the party's failure to disclose." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

The typical "day in the life" film

> purport[s] to show how an injury has affected the daily routine of its victim. [Such] films show the victim in a variety of everyday situations, including getting around the home, eating meals, and interacting with family members. These films are prepared solely to be used as evidence in litigation concerning the injury. Such evidence is desired because films illustrate, better than words, the impact the injury had on the plaintiff's life.

*LaFarge, ex rel. Blizzard v. Kyker*, 2011 WL 1742002, at *4 (N.D. Miss. May 5, 2011)[1] (quoting *Bannister v. Town of Noble, Okl.*, 812 F.2d 1265, 1269 (10th Cir. 1987)). Acknowledging the importance of such a video, the court cannot fashion a remedy to cure the prejudice Dr. Vecchione would inevitably face by the introduction of such evidence because the video has not yet been filmed. With approximately three weeks until trial, there is simply not enough time for the video to be filmed and produced to Dr. Vecchione so that any necessary discovery related to the video could be conducted prior to trial. Accordingly, the plaintiff is prohibited for utilizing a "day in the life" video at trial.

SO ORDERED, this the 9th day of November, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

[1] The court's decision in *LaFarge, ex rel. Blizzard v. Kyker* addresses the same evidentiary objections Dr. Vecchione raises; however, it is impossible for the court undertake the same analysis because the video has not even been filmed and insufficient time remains before trial.