**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**ANDY ELLIS, JR.** **PLAINTIFF**

**v.** **No. 1:23-CV-00060-MPM-DAS**

**DAVID ANDREW VECCHIONE, M.D.;**
**MEDTRONIC, INC.; JONATHAN BENNETT;**
**and JOHN DOES 1-10** **DEFENDANTS**

**MEMORANDUM OPINION**

This cause comes before the Court on the Plaintiff Andy Ellis, Jr.'s six separate Motions *in Limine*: (1) Motion *in Limine* on Apportionment of Fault [518]; (2) Motion *in Limine* on Insurance Benefits [519]; (3) Motion *in Limine* to Exclude Evidence of Plaintiff's Settlement with Medtronic, Inc. and Jonathan Bennett [520]; (4) Motion *in Limine* to Preclude Dr. Vecchione from Calling the Expert Witnesses Designated by Former Defendants Medtronic, Inc. and Jonathan Bennett [521]; (5) Motion *in Limine* to Limit Defendant's Expert Testimony to the Opinions Disclosed in His Expert Designation and Reports [522]; (6) Motion *in Limine* to Preclude Duplicative and Cumulative Testimony [523]. The Defendant, David Vecchione, M.D., has responded in opposition to each of these motions [545], [546], [547], [548], [549], [550]. The Court will also address Dr. Vecchione's five separate Motions *in Limine* [524], [526], [528], [530], [532]. Mr. Ellis has responded in opposition to each of these motions [536], [538], [539], [541], [543]. The Court has reviewed the record and applicable law and is prepared to rule.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court once again revisits the factual and procedural background of this continuously evolving litigation. This is a medical negligence case that concerns the allegedly negligent diagnosis, management, and treatment of Mr. Ellis' spinal epidural abscess ("SEA") following

implantation of a Medtronic external spinal cord stimulator trial in April of 2022. For the sake of conciseness, the Court will not again iterate the facts of this case in detail.

Mr. Ellis filed his initial Complaint on April 18, 2023, against Dr. Vecchione and numerous other healthcare defendants, alleging that their medical negligence caused him to suffer injuries and damages [1]. Mr. Ellis filed an Amended Complaint on April 28, 2023 [8] and a Second Amended Complaint on July 16, 2025 [297]. In response, on July 28, 2025, Dr. Vecchione filed his Answer and Affirmative Defenses, two of which expressly indicated his intent to apportion fault to other individuals, as set forth in the Sixth Defense, subsections 2 and 7 [305]. As it stands, Dr. Vecchione is the only remaining Defendant in this action.

## II. STANDARD OF LAW

### a. *In Limine* Standard

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-CV-00129-DMB, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (internal citations omitted). In this context, "[e]vidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Id.* (quoting *Fair v. Allen*, No. 09-2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)). This type of motion prohibits opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

"[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Evidentiary

rulings "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, No. C.A. C-04-552, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008) (*citing Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975)). Moreover, the "[d]enial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Gonzalez v. City of Three Rivers*, No. CA C-12-045, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) (quoting *Hawthorne Partners v. AT&T Techs., Inc.,* 831 F. Supp. 1398, 1401 (N.D. Ill. 1993)).

This Court has previously emphasized that "[t]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette v. BL Dev. Corp.*, No. 2:07CV181-M-A, 2011 WL 2134578, at *4 (N.D. Miss. May 27, 2011) (emphasis in original); *see also Estate of Wilson v. Mariner Health Care, Inc.*, No. CIV.A 2:07CV55, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008) ("[M]otions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection."). Additionally, a motion "set[ting] forth a lengthy laundry list of matters, most of them of a highly vague nature ... constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions *in limine*." *Estate of Wilson*, No. CIV.A 2:07CV55, 2008 WL 5255819, at *1.

## III. ANALYSIS

The parties in this matter have filed extensive and, in several respects, unnecessarily prolix motions *in limine*. The volume, length, and lack of focus of these filings suggest that the parties, particularly Dr. Vecchione, have lost sight of the limited purpose of motions *in limine*: to identify discrete evidentiary issues that can be resolved in advance of trial, thereby promoting the orderly and efficient presentation of evidence. Motions *in limine* are not intended to serve as vehicles for wholesale evidentiary objections, advance arguments on every conceivable issue, or unnecessarily encumber the Court's consideration of matters genuinely requiring pretrial resolution.

The Court acknowledges and appreciates Mr. Ellis' approach of separately identifying and concisely presenting his motions *in limine* by subject matter. Dr. Vecchione's motions, by contrast, are an unwieldy bolus of overlapping and competing objections, the sheer volume of which make it difficult for the Court to discern which issues Dr. Vecchione genuinely seeks to have resolved before trial. Nevertheless, the Court will address these matters as best it can.

To the extent the parties have stipulated to, or otherwise agreed upon, the exclusion or admission of particular evidence, the corresponding motions *in limine*, or any part thereof, are GRANTED. In that regard, the parties have apparently agreed as follows:

- Consistent with Fed. R. Evid. 26, Dr. Vecchione's retained experts and cross-designated experts will testify consistent with the subject matters and opinions properly disclosed in their respective reports. Dr. Vecchione will likewise offer expert-opinion testimony governed by Rule 26(a)(2) consistent with the opinions disclosed in his expert designations.
- There is no dispute that physicians must adhere to a national, objective standard of care.
- Mr. Ellis' experts will testify to an objective, national standard of care at trial.
- An expert should not offer an opinion on whether another witness is telling the truth.
- Mr. Ellis will not ask Dr. Parsioon whether he believes Dr. Vecchione is truthful.
- Any evidence, reference, or argument regarding Dr. Vecchione's liability insurance, financial condition, and a prior lawsuit against him shall be excluded.

- The standard of care is objective, and Dr. Vecchione's conduct must be judged by what a minimally competent physician would have done with the information available on April 15, 2022, not by an outcome.
- No argument or reference should be made to suggest that the jury should put themselves in a party's position.
- Hearsay statements are inadmissible.

That said, the Court would like to specifically address Dr. Vecchione's Third and Fifth Motions *in Limine* [528], [532]. In these Motions, and in others, he asks the Court to enter an order "instructing the Plaintiff, his attorneys, or any of his witnesses not to mention, refer to, interrogate concerning, attempt to offer into evidence, insinuate, or attempt to convey to the jury in any manner, either directly or indirectly, in opening statement, closing argument, or otherwise at trial…." This boilerplate language is more suitable for transactional documents than of value in courtroom proceedings.

Additionally, regarding the deposition testimony at issue in both of Dr. Vecchione's motions [528], [532], Dr. Ellis disclosed that both William Bingham, M.D., and Jeremy Archer, M.D. would offer opinions "consistent with [their] deposition and treatment records." To this issue, Dr. Vecchione has known of Dr. Bingham's opinion for seven months as his opinion at issue was disclosed in discovery at a deposition Dr. Vecchione noticed and attended and at which he cross-examined Dr. Bingham on this opinion. Likewise, Dr. Archer's testimony at issue was given under oath, during discovery, at a deposition Dr. Vecchione noticed and attended, and in response to questions that followed Dr. Vecchione's own examination. Any potential non-disclosure was harmless and not prejudicial.

As to all remaining motions *in limine*, the Court finds that the parties have failed to provide sufficient context and analysis to permit meaningful pretrial determinations of relevance, admissibility, and potential prejudice. Rather than isolating discrete evidentiary issues for advance

resolution, the remaining motions largely present broad, generalized, overlapping, and remarkably tendentious objections that are more appropriately addressed in the context of evidence actually offered at trial. The purpose of motions *in limine* is not served by the indiscriminate presentation of objections to evidence whose relevance and admissibility cannot be meaningfully evaluated outside the context of trial.

Accordingly, all remaining motions *in limine* are DENIED without prejudice. This ruling does not constitute a definitive determination of the admissibility of any particular evidence or a waiver of any otherwise proper evidentiary objection. Both parties shall be afforded a full and fair opportunity to raise appropriate objections at trial, at which time the Court will consider those objections in the context in which the evidence is offered and in accordance with the applicable Rules of Evidence and principles of law. The parties are directed to confer with Magistrate Judge David Andrew Sanders to determine whether any remaining evidentiary disputes can be resolved before trial.

## IV. CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that the Motions in Limine [518], [519], [520], [521], [522], [523], [524], [526], [528], [530], [532] are **GRANTED in part** and **DENIED in part**, as more specifically stated in this Order.

**SO ORDERED**, this the 13th day of November, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI